NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CORAZON MCDONALD,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2014-3220

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-12-0344-C-1.

---

Decided: March 4, 2015

---

CORAZON MCDONALD, San Antonio, TX, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before TARANTO, MAYER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Corazon McDonald appeals a final order of the Merit Systems Protection Board ("board") denying her petition for enforcement of an earlier board order requiring the Department of the Army to cancel her removal and award her back pay and benefits. *See McDonald v. Dep't of the Army*, No. DA-0752-12-0344-C-1, 2014 MSPB LEXIS 5385 (Aug. 5, 2014) ("*Petition for Enforcement Decision*"); *McDonald v. Dep't of the Army*, No. DA-0752-12-0344-I-1, 2012 MSPB LEXIS 4571 (Aug. 8, 2012) ("*Removal Cancellation Order*"). We affirm.

## BACKGROUND

Prior to her removal, McDonald worked for the Army as an administrative assistant. In March 2012, the Army decided to remove her from her position for "failure to obtain and maintain a favorable background investigation for Federal employment." Before the effective date of her removal, however, McDonald retired from the federal service. McDonald subsequently filed an appeal with the board, challenging the Army's decision to remove her. An administrative judge determined that the Army violated McDonald's due process rights because it considered information obtained *ex parte* in deciding to remove her from her position. *Removal Cancellation Order*, 2012 MSPB LEXIS 4571, at *10–11. The judge reversed the Army's decision to remove McDonald and ordered it to provide her with "the appropriate amount of back pay," after making adjustments and deductions required by Office of Personnel Management ("OPM") regulations. *Id.* at *18. The judge also ordered McDonald "to cooperate in good faith with the [Army's] efforts to compute the amount of back pay and benefits due and to provide all necessary information requested by the [Army] to help it comply." *Id.*

The Army thereafter attempted to return McDonald to her original position and to calculate the amount of

back pay she was due. Christy George, an Army human resources specialist, asked McDonald to come to a meeting on September 13, 2012, and to bring her W-2 forms for any jobs she had held since her retirement from the Army. George explained that the Army needed this information in order to calculate the amount of back pay to which McDonald was entitled. McDonald asserted, however, that she did not need to furnish information about her employment after her retirement "because she was only employed part-time and her employment did not have anything to do with the [Army]." Respondent's App. ("R.A.") 72.

McDonald came to the meeting scheduled for September 13, 2012, but failed to bring any paperwork related to any wages she earned after her retirement from the Army. At the meeting, the Army gave McDonald a return to duty letter, instructing her to return to her position on September 17, 2012. McDonald asserted, however, that "she did not want to return to the same position which she had left." R.A. 78.

McDonald did not report for work on September 17, 2012. Army employees subsequently called her, reminding her that she had been instructed to return to duty. On May 8, 2013, the Army sent McDonald a letter instructing her to report to duty on May 10, 2013. McDonald responded that it was her "decision not to return to the same hostile environment and [the] same original department/agency." R.A. 64.

McDonald filed a petition with the board, challenging the Army's efforts to comply with the *Removal Cancellation Order*.* An administrative judge found that the

---

* After her meeting with the Army on September 13, 2012, McDonald filed a petition with the board seeking review of the administrative judge's *Removal Cancel-*

Army "had taken all reasonable actions towards compliance" with the order, but that McDonald "ha[d] failed to cooperate with the agency's efforts." *Petition for Enforcement Decision*, 2014 MSPB LEXIS 5385, at \*3. On appeal, the board affirmed. It concluded that while McDonald had the right "to be placed back into the position from which she was wrongfully removed," she had no right to be placed "in a different position of her choice." *Id.* The board explained, moreover, that because OPM regulations required the Army to deduct the amount of any outside earnings from McDonald's back pay award, her refusal to provide information about those earnings precluded the Army from calculating the appropriate amount of back pay to which she was entitled. *Id.* at \*4. McDonald then filed a timely appeal with this court.

### DISCUSSION

Our review of a board decision is circumscribed by statute. We must affirm such a decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

---

*lation Order*. The board subsequently affirmed that order, as amended to clarify that the Army was required to place McDonald "as nearly as possible" in the position she had been in prior to her removal. *McDonald v. Dep't of the Army*, No. DA-0752-12-0344-I-1, 2013 MSPB LEXIS 2259, at \*3 (Apr. 26, 2013). In addition, the board forwarded McDonald's claim that the Army had failed to comply with the *Removal Cancellation Order* to a regional office for adjudication as a petition for enforcement. *Id.* at \*4.

Substantial evidence supports the board's determination that the Army made all reasonable efforts to restore McDonald to her original position. *See Petition for Enforcement Decision*, 2014 MSPB LEXIS 5385*, at \*3–4. The Army provided her with both oral and written notice instructing her to return to duty, R.A. 63, 65–66, 72, 77, 79, but she unequivocally refused to return to her original position as an administrative assistant, R.A. 63–64, 69–70, 85. The *Removal Cancellation Order* required the Army to restore, as nearly as possible, the *status quo ante* by returning McDonald to her original position and awarding her the appropriate amount of back pay. Contrary to McDonald's assertions, nothing in that order required the Army to transfer her to a position other than the one she originally held. *See Kerr v. Nat. Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984) (explaining that if an employee is wronged by improper agency action, the agency must, "as nearly as possible," restore that employee to the situation "which would have obtained but for" the agency's wrongful action (citations and internal quotation marks omitted)).

In calculating McDonald's back pay award, the Army was required to deduct the amount of any wages she earned in the period after she retired from the Army. *See* 5 C.F.R. § 550.805(e)(1). The Army could not calculate or distribute McDonald's back pay award, however, because she refused to provide information about her outside earnings in the period after her March 2012 retirement. *See Petition for Enforcement Decision*, 2014 MSPB LEXIS 5385*, at \*4 (emphasizing that the Army "needs documentation concerning [McDonald's] earnings, or it cannot calculate her back pay in a way that complies with the law").

On appeal, McDonald contends that she did, in fact, supply the required information about her outside earnings. She fails, however, to provide any credible evidence to support this contention. McDonald further argues that

the board failed to consider all of the evidence she submitted. The fact that the board did not specifically discuss every piece of evidence in the record, however, is insufficient to show that it failed to properly consider such evidence. *See Charles G. Williams Constr., Inc. v. White*, 326 F.3d, 1376, 1380 (Fed. Cir. 2003).

We have considered McDonald's remaining arguments but do not find them persuasive. Accordingly, we affirm the final order of the Merit Systems Protection Board denying McDonald's petition for enforcement.

**AFFIRMED**